UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD DZIONARA-NORSEN,

|  |  |  |
|---|---|---|
| | Petitioner, | 19-CR-6131-FPG |
| | | 25-CV-6617-FPG |
| v. | | |
| | | DECISION AND ORDER |
| UNITED STATES OF AMERICA, | | |
| | Respondent. | |

## INTRODUCTION

Petitioner moves pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") for the Court to alter or amend its judgment entered on June 4, 2026 (ECF No. 265), which denied Petitioner's motion to vacate and denied a certificate of appealability. ECF No. 269. For the following reasons, Petitioner's motion is DENIED.

## LEGAL STANDARD

A court may grant a Rule 59(e) motion only when the movant "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Investment Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (quotation omitted). As such, a Rule 59 motion is not a "vehicle for relitigating old issues" or taking a "second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation omitted). Instead, such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

1

**DISCUSSION**

Petitioner argues that the Court should alter or amend its judgment as to Petitioner's motion to vacate for two reasons. First, he argues that the Court committed clear error by conflating Mr. Lahman's opinions about two separate downloads. ECF No. 269-1 at 2. Specifically, he argues that the Court misunderstood the evidence presented as it relates to Petitioner's argument in Ground One of his motion to vacate regarding allegedly perjured testimony. *Id.* While the Court rejected Petitioner's argument related to perjured testimony in its June 4, 2026 Decision and Order for other reasons, it also explained that there was ample evidence aside from the allegedly perjured testimony to support Petitioner's convictions on all three counts. ECF No. 265 at 9. It further explained that "where there is '[a]mple' and 'independent' evidence, apart from the perjured testimony" to support a defendant's convictions, "reversal is not warranted even where the government 'knowingly introduced the perjured testimony.'" *Id.* (quoting *United States v. Wong*, 78 F.3d 73, 82 (2d Cir. 1996)). As such, Petitioner's first argument fails to point to matters "that might reasonably be expected to alter the conclusion reached by the court," because it fails to explain how the Court's alleged misunderstanding of evidence would alter the Court's conclusion that reversal is not warranted in this instance because there is ample and independent evidence supporting Petitioner's convictions. *Shrader*, 70 F.3d at 257. Therefore, the Court concludes that Petitioner is not entitled to relief on this basis.

Second, Petitioner argues that the Court should alter or amend its judgment based on newly available evidence related to Petitioner's autism diagnosis. ECF No 269-1 at 4. However, this new evidence is simply used to rehash previously raised arguments that the Court has reviewed and rejected. *See* ECF No. 265 at 13–17. Consequently, the Court concludes that Petitioner is not entitled to relief on this basis. *See Analytical Survs., Inc.*, 684 F.3d 36 at 52 (holding that a Rule 59 motion "is not a vehicle for relitigating old issues").

2

## CONCLUSION

For the forgoing reasons, Petitioner's motion to alter or amend the Court's judgment entered on June 4, 2026 is DENIED.

Dated:  August 3, 2026
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York